# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BILL GREEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>GINA MCCARTHY, in her official capacity as Administrator, United States Environmental Protection Agency,<br><br>                    Defendant. | No. 4:14-cv-05093-TOR<br><br>**CONSENT DECREE** |

This Consent Decree is entered into between Plaintiff Bill Green and by Defendant Gina McCarthy in her official capacity as Administrator of the United States Environmental Protection Agency ("EPA").

WHEREAS, Plaintiff Bill Green filed this action against EPA on September 10, 2014, pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2);

WHEREAS, Mr. Green alleges that EPA failed to perform a non-discretionary duty under CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), to grant or deny within 60 days two petitions submitted by Plaintiff on April 23, 2013, and April 21, 2014 ("Hanford Title V Petitions"), requesting that EPA object to the air operating permit (Permit No. 00-05-006, Renewal 2 and Permit No. 00-05-006, Renewal 2, Revision A) issued by the Washington State Department of

Ecology ("Ecology") to the U.S. Department of Energy for the Hanford Site located in Benton County, Washington;

WHEREAS, EPA and Mr. Green (collectively, the "Parties") wish to effect a settlement of the above-captioned matter without expensive and protracted litigation;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of the claims in the above-captioned matter;

WHEREAS, EPA does not admit any allegation of fact or law alleged in the Complaint;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 *et seq.*;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.      This Court has subject matter jurisdiction over the claims set forth in the Complaint related to Plaintiff's Hanford Title V Petitions and to order the relief contained in this Consent Decree.  Venue is proper in the United States District Court for the Eastern District of Washington.

2.      On or before May 29, 2015, EPA shall sign a final response to Plaintiff's Hanford Title V Petitions.

3.      Following signature of such response to Plaintiff's Hanford Title V Petitions, EPA shall expeditiously deliver notice of EPA's response to the Office of the Federal Register for review and publication.  Following such delivery, EPA will not cause delay or otherwise interfere with publication of such notice in the Federal Register (other than as necessary to correct any typographical

errors or errors in form).  If EPA's response to Plaintiff's Hanford Title V Petitions includes the granting of any portion of a petition in whole or in part, EPA will also promptly transmit the response to Ecology for Ecology's required action, if any.

4.      EPA agrees that Plaintiff is entitled to recover its costs of litigation (including reasonable attorney's fees) ("litigation costs") incurred in this matter pursuant to 42 U.S.C. § 7604(d).  The deadline for filing a motion for costs of litigation, including reasonable attorney's fees, incurred prior to entry of this Consent Decree is hereby extended until one hundred twenty (120) days after the entry of this Consent Decree by this Court.  During this time, the Parties shall seek to resolve informally any claim for litigation costs, including reasonable attorney's fees, and if they cannot, Plaintiff shall seek such litigation costs by motion to the Court.  The Court shall retain jurisdiction to resolve any request for litigation costs.  The United States does not waive or limit any defenses it may have to such claim.  Plaintiff reserves his right to seek litigation costs for any work performed after the lodging of this Consent Decree.  EPA does not concede that Plaintiff is entitled to fees for any work performed after the lodging of the Consent Decree, and the Parties reserve all claims and defenses with respect to any future litigation costs claim.

5.      Any provision of this Consent Decree may be modified by (a) written joint stipulation of the Parties with notice to the Court, or (b) by the Court following motion of any party to this Consent Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

6.      The Parties recognize that the possibility exists that circumstances outside the reasonable control of EPA could delay compliance with the

timetables contained in this Consent Decree. Such situations include, but are not limited to, a government shut-down such as occurred in 1995, 1996, and 2013. If a lapse in appropriations for EPA occurs within one hundred and twenty (120) days prior to the deadline in Paragraph 2 of this Consent Decree, that deadline will be extended automatically one day for each day of the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking an additional extension through modification of this Consent Decree pursuant to Paragraph 5.

7.      Plaintiff and EPA shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

8.      Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including discretion to alter, amend, or revise any responses or final actions contemplated by this Consent Decree. EPA's obligation to perform the actions specified in Paragraph 2 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9.      Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the Hanford Title V Petitions.

10.     Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any final decision made by EPA pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any issues that

are within the exclusive jurisdiction of the United States Court of Appeals pursuant to CAA § 307(b)(1), 42 U.S.C. § 7607(b)(1). Nothing in the terms of this Consent Decree shall be construed to waive any remedies or defenses the Parties may have under CAA § 307(b)(1).

11.    The obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

12.    Any notices or other communication between the Parties required or provided for by this Consent Decree shall be made in writing and sent to the undersigned counsel at the email addresses listed in the signature blocks below unless written notice of a change in counsel and/or email address is provided.

13.    In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within twenty (20) business days after receipt of the notice, any party may move the Court to resolve the dispute.

14.    No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be filed unless the Plaintiff has followed the procedure set forth in Paragraph 13.

15.    The Court shall retain jurisdiction to determine and effect compliance with this Consent Decree. When EPA's obligations under Paragraphs 2 and 3 of this Consent Decree have been completed, and Plaintiff's claim for costs of litigation has been resolved pursuant to Paragraph 4, the

above-captioned matter shall be dismissed with prejudice.  The Parties may either jointly notify the Court that the Consent Decree should be terminated and the case dismissed, or EPA may so notify the Court by motion.  If EPA notifies the Court by motion, then Plaintiff shall have twenty (20) days in which to respond.

16.    Upon dismissal of the above-captioned matter, Plaintiff agrees to release, discharge, and covenant not to assert (by way of the commencement of an action, the joinder of EPA or its officers or employees sued in an official capacity in an existing action, or in any other fashion) any and all claims, causes of action, suits, or demands of any kind whatsoever in law or in equity pursuant to the CAA or Administrative Procedure Act against EPA that Mr. Green raised or could have raised based upon the facts alleged in the Complaint in this case, or arising out of any asserted failure of EPA to respond to Plaintiff's "Petition Requesting the Administrator Object to the Hanford Site Title V Operating Permit Renewal, Number 00-05-006 Renewal 1," dated February 10, 2007.

17.    It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiff and EPA and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.  This Consent Decree shall be governed and construed under the laws of the United States.

18.    The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide an opportunity for public comment by notice in the *Federal Register* pursuant to CAA § 113(g), 42 U.S.C. § 7413(g).  EPA will promptly submit the notice of this Consent Decree to the Federal Register for publication and public comment after lodging this

Consent Decree with the Court.  After this Consent Decree has undergone an opportunity for notice and comment, the Administrator or the Attorney General, as appropriate, will promptly consider any such written comments in determining whether to withdraw or withhold consent to the Consent Decree, in accordance with CAA § 113(g).  If the Administrator or the Attorney General elects not to withdraw or withhold consent to this Consent Decree, the Parties will promptly file a motion that requests the Court to enter this Consent Decree. If for any reason the Court does not enter the Consent Decree, the obligations set forth in this Consent Decree are null and void.

19.    The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

SO ORDERED this   8th   day of   June , 2015.

THOMAS O. RICE
United States District Judge

SO AGREED:

FOR PLAINTIFF:          /s/ Meredith A. Crafton
                        RICHARD SMITH
                        MEREDITH CRAFTON
                        Smith & Lowney, PLLC
                        2317 East John Street
                        Seattle, WA 98504-0117
                        rasmithwa@igc.org

FOR DEFENDANT:          JOHN C. CRUDEN
                        Assistant Attorney General
                        Environment and Natural Resources
                        Division

7

/s/
ELIZABETH B. DAWSON
Environmental Defense Section
P.O. Box 7611
Washington, D.C.  20044
(202) 514-8293
elizabeth.dawson@usdoj.gov

MICHAEL C. ORMSBY
United States Attorney
VANESSA WALDREF
Assistant United States Attorney
920 W. Riverside Ave., Suite 300
Spokane, Washington 99201
(509) 353-2767

8